UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEEN HALEEM,

        Plaintiff,

    v.

DEPARTMENT OF DEFENSE,

        Defendant.

Civil Action No. 23-1471 (JEB)

**UNOPPOSED MOTION FOR EXTENSION OF TIME**

Defendant the Department of Defense, through undersigned counsel, pursuant to Federal Rule of Civil Procedure 6(b)(1), moves for an extension of time until January 31, 2025, to file Defendant's motion for reconsideration, and to vacate the Court's disclosure order of December 18, 2024. *See* ECF Nos. 39 (Order) & 40 (Mem. Op.). On December 18, 2024, this Court largely granted Defendant's motion for summary judgment, but granted Plaintiff's cross-motion in part and ordered release of seventeen pages as noted in the Court's memorandum opinion. ECF No. 40. The Court ordered release of these records by January 2, 2025, fourteen days after the entry of its order and shortly after the holiday period. *See* ECF No. 39 at 1. Defendant respectfully intends to move for reconsideration of the Court's decision, as the seventeen pages at issue were withheld pursuant to various FOIA Exemptions, some of which were not addressed by the Court in its decision.[1] To that end, Defendant also requests that the Court vacate its disclosure order until it

---

[1]    The Court ordered the release of the following pages: "1 to 4, 9 to 12, and 80 to 88 of the record at issue to Plaintiff by January 2, 2025." Mem. Op. at 13. The Government interprets those pages to be the pages of the PDF that was submitted to the Court *in camera*. Those pages are found at bates numbers 312-315, 328-331, and 399-407 of the Army's *Vaughn* index.

rules on the forthcoming motion for reconsideration. Pursuant to Local Civil Rule 7(m), on December 19, 2024, Plaintiff, responded through counsel, "that is not a problem."

On December 18, 2024, this Court issued its memorandum opinion regarding the parties dueling cross-motions of summary judgment in this action arising out of the Privacy Act and the Freedom of Information Act. ECF No. 40. At issue in this case are 113 pages that the Army withheld pursuant to Plaintiff's FOIA request seeking regarding an Army investigation into his counterintelligence activities. *See generally* Def.'s Mot. The Army withheld this material pursuant to Privacy Act Exemption (k)(2), as well as FOIA Exemptions 3, 6, 7(c) and 7(E). The Court's decision addressed Privacy Act Exemption (k)(2) and FOIA Exemption 7(E) but did not address the Army's other grounds for withholdings.

Considering the upcoming holidays, undersigned counsel's leave schedule, as well as other briefs and deadlines that undersigned counsel already has scheduled for the beginning and middle of January, Defendant moves for an extension of time until January 31, 2025, to file its motion for reconsideration. Undersigned counsel carries an extremely robust caseload of approximately 90 cases and has several other significant deadlines in the first two weeks of January, including a motion to dismiss in a tort matter, a motion for summary judgment in a long-running employment discrimination case, responsibilities for a matter on appeal, as well as numerous other deadlines in the district court. Because Defendant intends to move the Court for reconsideration, a successful motion would negate the need to release the seventeen pages identified in the Court's order. Defendant therefore requests that the Court vacate its disclosure order until after it has had a chance to consider and rule on the fully briefed motion. The Court's disclosure order also requires coordination between other components of the Department of Justice, a process that will be negated if the Court ultimately determines disclosure is unnecessary. Defendant is mindful of the

Court's order and does not wish to delay this matter further, but harbors significant concerns regarding the release of information that the Government believes was appropriately withheld under various FOIA exemptions.

Defendant proposes this extension in good faith and not for the purpose of delay. Granting the requested extension will allow the Government sufficient time to present its arguments for reconsideration to the Court, as well as to allow the Government to coordinate with other components of the Department of Justice as well as the Army regarding the implication of the Court's order. Plaintiff's counsel voiced no objection to Defendant's request.

WHEREFORE, Defendant respectfully requests that the deadline to file its motion for reconsideration be extended through and including January 31, 2025, and that the Court vacate the January 2, 2025, order requiring release of the seventeen pages. A proposed order is enclosed herewith.

Dated: December 20, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2512

*Attorneys for the United States of America*

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEEN HALEEM,

      Plaintiff,

  v.

DEPARTMENT OF DEFENSE,

      Defendant.

Civil Action No. 23-1471 (JEB)

## [PROPOSED] ORDER

Upon consideration of Defendant's unopposed motion for extension of time, it is hereby

ORDERED that Defendant's motion is GRANTED.

It is further ORDERED that Defendant shall file its motion for reconsideration on or before

January 31, 2025.

It is further ORDERED that the Court's December 18, 2024 order requiring release of

seventeen pages by January 2, 2025, is VACATED pending further order from the Court.

SO ORDERED.

Dated

JAMES E. BOASBERG
Chief Judge, United States District Court

4