UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEEN HALEEM,

        Plaintiff,

      v.

DEPARTMENT OF DEFENSE,

        Defendant.

Civil Action No. 23-1471 (JEB)

**DEFENDANT'S MOTION**
**FOR CLARIFICATION OF THE COURT'S DECEMBER 20, 2024, ORDER**

Defendant the Department of Defense, through undersigned counsel, seeks clarification regarding the scope of the Court's December 20, 2024, Minute Order, granting Defendant's unopposed motion for extension of time to file its motion for partial reconsideration, and providing the Government until January 31, 2025, to file its forthcoming motion. *See* Dec. 20, 2024, Min. Order. Pursuant to Local Civil Rule 7(m), counsel for Plaintiff indicated that his position is: "the judge entered a final judgement, and that the extension of time did not change that."

On December 18, 2024, this Court ruled on the parties' cross-motions for summary judgment, ordering disclosure of a limited subset of pages to Plaintiff, and otherwise entering judgment in favor of Defendant. *See* Dec. 18, 2024, Mem. Op. & Order (ECF Nos. 39, 40). This Court's order granted Defendant's motion for summary judgment in part, ordered a set of seventeen pages released to Plaintiff within fourteen days, and entered judgment in favor of Defendant. Order (ECF No. 39). Concerned about the pages that the Court ordered to be released, subsequently, Defendant moved for an extension of time until January 31, 2025, to file a motion for partial reconsideration under Federal Rules of Civil Procedure ("Rules") 59(e) and 60(b) and

requested that the Court vacate its prior disclosure order. *See* ECF No. 41. The Court did so, granted Defendant's motion, and vacated its disclosure order. Dec. 20, 2024, Min. Order.

The Department of Defense now seeks clarification that the Court's December 20 order, by eliminating any requirement that Defendant disclose the seventeen pages, also rendered nonfinal the judgment referenced in the December 18, 2024, order, such that Defendant's time to appeal has not yet begun to run. Defendant believes that the December 20, 2024, order rendered the judgment nonfinal because it vacated the final resolution regarding the seventeen referenced pages and that the parties' time to appeal has therefore not began to run. Defendant respectfully requests that the Court clarify its order to more explicitly reflect this understanding and obviate the need for the government to consider whether to file a notice of appeal while its motion for reconsideration is pending.[1]

Defendant therefore accordingly requests that the Court clarify (1) that it has vacated any judgment from which Defendant's appeal deadline would otherwise run, and (2) that it will enter judgment following its resolution of Defendant's forthcoming motion for reconsideration. A proposed order is included herein.

---

[1]      Although the pendency of a motion for reconsideration can toll the time to file a notice of appeal under some circumstances, it is not apparent that Defendants' forthcoming motion will have that effect here because it will not be filed within the 28-day period provided for by Rule 59. *See* Fed. R. App. P. 4(a)(4)(A) (Rule 59 motion must be filed "within the time allowed by these rules" to toll appeal deadline); Fed. R. Civ. P. 59(b) (28-day deadline for Rule 59 motion); Fed. R. Civ. P. 6(b)(2) (Rule 59 deadline cannot be extended). The relief requested in this motion is therefore necessary to protect the government's appellate rights while the merits of this case remain pending in district court. The time limits for a motion under Rule 60(b) provide for a year after entry of judgment. *See* Fed. R. Civ. P. 60(c)(1).

2

Dated: January 24, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR. D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: */s/ Brenda González Horowitz*
    BRENDA GONZÁLEZ HOROWITZ
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2512

*Attorneys for the United States of America*

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEEN HALEEM,

      Plaintiff,

    v.

DEPARTMENT OF DEFENSE,

      Defendant.

Civil Action No. 23-1471 (JEB)

## [PROPOSED] ORDER

Upon consideration of Defendant's motion for clarification it is hereby ORDERED that

the Court's December 20, 2024, Order vacated any judgment from which Defendant's

appeal deadline would otherwise run,

And it is further ORDERED that the Court will enter judgment following its resolution of

Defendant's forthcoming motion for reconsideration.

SO ORDERED.

Dated

JAMES E. BOASBERG
Chief Judge, United States District Court