UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEEN HALEEM,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF DEFENSE,

    Defendant.

Civil Action No. 23-1471 (JEB)

**MEMORANDUM OPINION**

    Plaintiff Deen Haleem is a Master Sergeant in the U.S. Army Reserves whose position requires him to hold a Top Secret security clearance. After the Government revoked his clearance for national-security concerns, he submitted a Privacy Act and Freedom of Information Act request in 2022 to the Army Intelligence and Security Command (INSCOM) — a component of the Department of Defense — for documents that the Government relied on in its revocation decision. After receiving heavily redacted documents and learning that many others were withheld entirely, Haleem filed a more targeted request with the agency a year later for the redacted information and withheld documents, which was denied. He then commenced this Privacy Act and FOIA suit against DOD and the Department of Justice in May 2023.

    After the Court narrowed the case in response to the Government's Motion to Dismiss (including by dismissing DOJ as a party), both sides moved for summary judgment on what survived. In an Opinion last December, this Court granted in part and denied in part summary judgment to both parties. See Haleem v. DOD, 2024 WL 5159073 (D.D.C. Dec. 18, 2024). It determined that the Government's withholdings were mostly justified under both Privacy Act

1

Exemption (k)(2) and FOIA Exemption 7(E), but that there were 17 pages of inscrutable code that were not covered by Exemption 7(E) and thus could be released to Haleem under FOIA. Id. at *6. Unhappy with this outcome, DOD now asks the Court to reconsider its Opinion solely regarding the released pages, renewing its previous arguments on Exemptions 7(E) and (k)(2), along with three other FOIA exemptions. See ECF Nos. 44 (Recon. Mot.); 29 (Def. MSJ) at 16–35. After holding a hearing on this issue and obtaining supplemental briefing from DOD that more thoroughly explains the meaning of and threat posed by the release of the code in the pages at issue, the Court now agrees that the material could be used to circumvent the law and will thus grant the Motion.

## I.     Legal Standard

The Government files its Motion under Federal Rules of Civil Procedure 59(e) and 60(b). Rule 59(e) permits the filing of a motion to alter or amend a judgment within 28 days after the judgment's entry. Since Defendant's filing was timely, the Motion will be considered under the less-stringent Rule 59(e) standard. See Bishop v. Vilsack, 2024 WL 3551879, at *1 (D.D.C. July 26, 2024) ("[T]he practice in this jurisdiction is to construe Rule 60(b) motions filed, as here, within 28 days of the judgment as Rule 59(e) motions to alter or amend the judgment.") (quotation marks omitted). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quotation marks omitted); see also 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2810.1 (3d ed. 2025) (stating same "four basic grounds" for Rule 59(e) motions). Rule 59(e), moreover, "is not a vehicle to present a new legal theory that was available prior to judgment," Patton Boggs LLP v. Chevron

Corp., 683 F.3d 397, 403 (D.C. Cir. 2012), or "to relitigate old matters." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quotation marks omitted).

**II.     Analysis**

Under FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . [,] shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). If the records fall into one of nine statutorily created exemptions, however, the Government need not turn them over. Id. § 552(b)(1)–(9). Exemption 7(E), for instance, protects law-enforcement records that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." Id. § 552(b)(7)(E); see Blackwell v. FBI, 646 F.3d 37, 42 (D.C. Cir. 2011) (applying "risk of circumvention" standard to law-enforcement techniques and procedures as well as to guidelines) (quotation marks omitted); Mayer Brown LLP v. IRS, 562 F.3d 1190, 1193 (D.C. Cir. 2009).

The Government need clear only a low bar to withhold information under Exemption 7(E). See McClanahan v. DOJ, 204 F. Supp. 3d 30, 54 (D.D.C. 2016). It must, however, provide at least enough information for the Court to logically deduce both that the information reveals tactics in law-enforcement investigations or prosecutions and that the release of such information creates a risk of circumvention of the law. See Clemente v. FBI, 741 F. Supp. 2d 64, 88 (D.D.C. 2010); Blackwell, 646 F.3d at 42. While a foreseeable-harm analysis is also typically required to withhold documents, "because . . . [E]xemption [7(E)] already requires a showing of risk of circumvention of the law, no further foreseeable-harm analysis is necessary." Gun Owners of Am., Inc. v. FBI, 2024 WL 195829, at *4 (D.D.C. Jan. 18, 2024); see also

100Reporters v. U.S. Dep't of State, 602 F. Supp. 3d 41, 83 (D.D.C. 2022); Buzzfeed, Inc. v. DHS, 610 F. Supp. 3d 139, 148 n.1 (D.D.C. 2022).

The Government contends that the Court erred in finding the 17 pages releasable because while the code on these pages may not mean anything to the average person, it can be deciphered by foreign intelligence actors or cyber criminals and used to evade DOD investigations, thus qualifying the pages to be withheld under Exemption 7(E). See Recon. Mot. at 16–20; ECF No. 48-1 (Third Supp. Decl. of Michael T. Heaton; Army Counterintelligence Special Agent Decl.). To bolster this assertion, Defendant provides a supplemental declaration from Michael T. Heaton, Director of INSCOM's Freedom of Information and Privacy Act Office, stating that the code contains both "general administrative data," such as the "investigator[']s name, time of digital screening, [and] benign control settings," and "more technical data," such as "forensic tool name and version, speed and sectors searched, specific files paths searched, key word and digital search techniques employed, type of media device, key descriptors of the exploitation results, [and] digital media security identifier group." Heaton Decl. at 4. Such information, Heaton states, provides the details necessary for bad actors "to implement anti-forensic techniques to make it difficult or impossible for counterintelligence or criminal forensic analysts to recover information, or . . . to alter logs and files, or to create false time event timelines (timestamps), or [to] employ[] . . . malware to obfuscate digital trails." Id. An unnamed Army Counterintelligence Special Agent — in a separate declaration — concurs and notes that the code on these pages was designed to provide an accessible overview of the investigation for future investigators, which means that bad actors could easily and quickly use it to gain insight into investigations, change records, and avoid detection. See generally Special Agent Decl. at ECF pp. 19–21. Heaton emphasizes that such threats are substantial given that manipulation of secure

4

records has occurred before.  See Heaton Decl. at 4 ("Forensic analysis has previous[ly] revealed instances where actors have overwritten files, manipulated timestamps, and returned systems to a 'clean state' to prevent detection and analysis.").

Previous courts have found that if a declarant states that withheld information details a technique used for law-enforcement investigations and that such information could be "reasonably expected" to lead to the circumvention of law, the Government satisfies the Exemption 7(E) requirements.  See Mayer Brown LLP, 562 F.3d at 1193 (quotation marks omitted); Blackwell, 646 F.3d at 42.  For example, when the Government claims that the information at issue could allow outside actors access to a secure system and the ability to manipulate that system, courts have concluded that there is a reasonable risk of circumvention of law.  See Skinner v. DOJ, 893 F. Supp. 2d 109, 113–14 (D.D.C. 2012) (holding that computer codes similar to code here qualified as information that could be used to circumvent the law), aff'd sub nom. Skinner v. Bureau of Alcohol, Tobacco, Firearms & Explosives, 2013 WL 3367431 (D.C. Cir. May 31, 2013); Strunk v. U.S. Dep't of State, 905 F. Supp. 2d 142, 147 (D.D.C. 2012) (recognizing risk of circumvention where disclosure of data could "facilitate[] access to and navigation through [a law-enforcement database] and reveal[] mechanisms for access to and navigation through [the database]") (quotation marks omitted).  Since the statements provided by DOD clarify that the code discloses law-enforcement techniques and that there is a reasonable risk that cyber criminals could use such information to navigate a secure system and thus circumvent the law, the pages can be withheld under Exemption 7(E).  As that exemption covers all 17 pages, moreover, the Court need not address whether other FOIA exemptions apply.  See Ctr. for Nat'l Sec. Stud. v. DOJ, 331 F.3d 918, 925 (D.C. Cir. 2003).

In a final effort to obtain the pages, Haleem asserts that they must be released under the Privacy Act, and that the Government has not claimed that an exemption allows it to withhold them.  See ECF No. 49 (Pl. Resp. to Supp. Filing); Martin v. Off. of Special Counsel, Merit Sys. Prot. Bd., 819 F.2d 1181, 1184 (D.C. Cir. 1987) (stating Government must claim valid exemption under both Acts to withhold material).  The Court found earlier, however, that the 113 pages of material originally at issue (which include the 17 pages relevant here) could be withheld under Privacy Act Exemption (k)(2) because they are "investigatory material compiled for law enforcement purposes."  5 U.S.C. § 552a(k)(2); see Haleem, 2024 WL 5159073, at *5.  This Act thus offers no relief.

### III.     Conclusion

For these reasons, the Court will grant Defendant's Motion for Reconsideration and allow Defendant to withhold the 17 pages at issue.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  July 25, 2025